**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bartlett Elliott, | ) No. CV 10-0251-PCT-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Bank of America, N.A., | ) |
| Defendant. | ) |

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. 23) and Defendant's Motion for Summary Disposition (Dkt. 25). Plaintiff has not responded to the motions.[1]

**I.    BACKGROUND**

On January 25, 2010, pro se Plaintiff filed a complaint against Defendant concerning "United States Government 'STIMULUS' check(s) sent to Bartlett and Delora F. Elliott." (Dkt. 1.) Plaintiff attempts to charge Defendant with theft by false pretense, embezzlement, and fraud, and seeks damages in the amount of $1,000,000. (*Id.*) Defendant filed an answer on June 9, 2010, and denied Plaintiff's allegations.

---

[1] Plaintiff's response to the Motion for Summary Judgment was due more than 60 days ago

1    As of July 12, 2010, the parties had failed to file a proposed case management plan
2 as required by the Court. (Dkt. 8, 10.) On July 15, 2010, Defendant filed its proposed case
3 management plan (Dkt. 11), and explained to the Court that Defendant could not file a joint
4 case management plan, because Defendant was unable to reach Plaintiff by telephone and
5 Plaintiff made no attempts to contact Defendant as required by the Court's Rule 16
6 Scheduling Order. (Dkt. 12.) Also on July 15, 2010, Plaintiff filed a motion to continue this
7 action (Dkt. 13), which was denied (Dkt. 14).

8    On July 19, 2010, the Court conducted the Rule 16 Scheduling Conference.
9 Defendant's counsel appeared at the hearing, but Plaintiff did not. (*Id.*) The Court continued
10 the hearing to show cause as to why Plaintiff should not be sanctioned for failing to appear
11 at the show-cause hearing and failing to participate in the preparation of the case
12 management plan. (*Id.*) Defendant's counsel appeared in person, and Plaintiff appeared
13 telephonically at the hearing on August 23, 2010. (Dkt. 18.) The Court found that Plaintiff
14 failed to show cause why sanctions should not be imposed, and ordered Defendant to submit
15 an application for reasonable attorney's fees. (*Id.*) The Court ordered that any further
16 defaults by Plaintiff would result in the Court's dismissal of this action. (*Id.*)[2]

17    According to Defendant, Plaintiff has failed to provide any of the initial disclosures
18 required under Rule 26 of the Federal Rules of Civil Procedure. (Dkt. 24 at ¶ 2.)
19 Additionally, Plaintiff did not respond to Defendant's requests for production. (*Id.* at ¶ 3.)
20 In an effort to elicit the facts behind Plaintiff's complaint, Defendant served a set of
21 interrogatories on Plaintiff. (Dkt. 24-1.) Plaintiff's responses to Defendant's interrogatories
22 were evasive and incomplete. (*Id.*) For example, Defendant requested that Plaintiff state
23 with specificity the complete factual and legal basis that supports each of Plaintiff's claims.
24 (Dkt. 24-1 at pp. 5–7.) With respect to Plaintiff's claims for theft by false pretext and

---

[2] During the August 17, 2010 hearing, the Court also ordered Plaintiff to apprise the Court and Defendant's counsel of his current mailing address and telephone number in writing within 48 hours. (Dkt. 18.) Plaintiff did not comply with this order, because on or about August 30, 2010, mail addressed to Plaintiff was returned as undeliverable. (Dkt. 22.)

1 embezzlement, Plaintiff responded that "the checks came electronically direct deposit to the
2 Bank of America . . . . Bank of America's employees were involved in the charges stated by
3 the Plaintiff. Exact date of direct deposit is not known by Plaintiff." (*Id.* at p. 5.) With
4 respect to Plaintiff's claim for fraud, Plaintiff responded that his claim is "as stated in
5 'Black's Dictionary of Law.'" (*Id.* at p. 7.)

6 On March 4, 2011, Defendant filed the pending Motion for Summary Judgment. (Dkt.
7 23.) As noted above, Plaintiff has failed to file a response. Based on Plaintiff's default,
8 Defendant filed a motion requesting summary ruling. (Dkt. 25.)

9 **II.     LEGAL STANDARD**

10 Summary judgment is appropriate when "the movant shows that there is no genuine
11 dispute as to any material fact and that the moving party is entitled to summary judgment as
12 a matter of law." Fed.R.Civ.P. 56(a). Summary judgment is mandated "against a party who
13 fails to make a showing sufficient to establish the existence of an element essential to that
14 party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*
15 *v. Catrett*, 477 U.S. 317, 322 (1986).

16 Initially, the movant bears the burden of pointing out to the Court the basis for the
17 motion and the elements of the causes of action upon which the non-movant will be unable
18 to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-
19 movant to establish the existence of material fact. *Matsushita Elec. Indus. Co. v. Zenith*
20 *Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant "must do more than simply show
21 that there is some metaphysical doubt as to the material facts" by "com[ing] forward with
22 'specific facts showing that there is a *genuine* issue for trial.'" *Id.* at 586–87 (quoting
23 Fed.R.Civ.P. 56(e) (1963) (amended 2010)). The non-movant's bare assertions, standing
24 alone, are insufficient to create a material issue of fact and defeat a motion for summary
25 judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). However, in the
26 summary judgment context, the Court construes all disputed facts in the light most favorable
27 to the non-moving party. *Ellison*, 357 F.3d at 1075.

28 Under the Local Rules, the failure of the non-moving party to file a controverting

1 statement of facts results in the moving party's statement of facts being deemed admitted for
2 purposes of a motion for summary judgment.  Rules of Practice of the U.S. District Court for
3 the District of Arizona ("LRCiv.") 56.1(b).[3]

4       The Local Rules further provide that "if the unrepresented party or counsel does not
5 serve and file the required answering memoranda . . . such non-compliance may be deemed
6 a consent to the . . . granting of the motion and the Court may dispose of the motion
7 summarily." LRCiv. 7.2(i).  "Failure to follow a district court's local rules is a proper ground
8 for dismissal."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v.*
9 *Warren,* 601 F.2d 471, 474 (9th Cir. 1979)).

10 **III.   ANALYSIS**

11       Defendant moved for summary judgment on the ground that there is no factual or legal
12 basis to support Plaintiff's claims, and requested the Court dismiss this action with prejudice.
13 For the reasons that follow, the Court will grant the Motion for Summary Judgment.

14       **A.   Theft and Embezzlement Claim**

15       Plaintiff's complaint purports to state claims for theft by false pretext and
16 embezzlement.  These two claims fail as a matter of law.  First, embezzlement is not a
17 separate or independent criminal offense under Arizona law.  The crimes of embezzlement
18 and theft have been merged into a single crime under the omnibus theft statute.  *See* A.R.S.
19 § 13-1802; *State v. Tramble*, 695 P.2d 737, 741 (1985) ("[I]n adopting A.R.S. § 13-1802 the
20 legislature has created a single crime of 'theft,' combining or merging the common law
21 crimes of larceny, fraud, embezzlement, obtaining money by false pretenses, and other
22 similar offenses.") Second, Plaintiff cannot maintain a claim for criminal theft, because the

---

24    [3] According to Local Rule 56.1:
25 Each numbered paragraph of the statement of facts set forth in *the moving*
*party's separate statement of facts must*, unless otherwise ordered, *be deemed*
26 *admitted for purposes of the motion for summary judgment if not specifically*
*controverted* by a correspondingly numbered paragraph in the opposing party's
27 separate statement of facts.
28 LRCiv. 56.1(b) (emphasis added).

- 4 -

responsibility for prosecuting criminal actions rests with the State of Arizona. *See* A.R.S. § 11-532(A)(1) ("The county attorney is the public prosecutor of the county and shall . . . conduct, on behalf of the state, all prosecutions for public offenses."); *State v. Lamberton*, 899 P.2d 939, 942–43 (Ariz. 1995) (finding that a private citizen may not institute criminal proceedings no matter how personally aggrieved); *Smith v. Superior Court*, 422 P.2d 123, 124 (Ariz. 1967) ("[T]he primary responsibility for prosecuting criminal actions at the trial court level rests with the county attorney.").

If Plaintiff intended to assert a claim for conversion, which is the civil equivalent to criminal theft, then Plaintiff has failed to establish, or even set forth, the requisite elements. Conversion is an act of wrongful control over personal property that is inconsistent with the rights of another. *Case Corp. v. Gehrke*, 91 P.3d 362, 365 (Ariz. App. 2004) (citing *Sears Consumer Fin. Corp. v. Thunderbird Prods.*, 802 P.2d 1032, 1034 (Ariz. App. 1990)). "To maintain an action for conversion, a plaintiff must have had the right to immediate possession of the personal property at the time of the alleged conversion." *Id.* Plaintiff appears to contend, based on his complaint and responses to Defendant's interrogatories, that the stimulus check was deposited into Plaintiff's bank account at a branch location of Defendant, and that Defendant kept the deposit. Plaintiff cannot rest on the allegations in his complaint to defeat Defendant's Motion for Summary Judgment. *See Liberty Lobby*, 477 U.S. at 249. However, Plaintiff has failed to come forward with any facts supporting his claims. Plaintiff has not offered any evidence concerning the existence of the stimulus check, Defendant's possession the stimulus check, or the nature of Defendant's possession that made the possession wrongful. Therefore, as a matter of law, Plaintiff cannot maintain a claim for conversion.

**B.     Fraud Claim**

In order to prevail on a fraud claim under Arizona law:

> a plaintiff must show that the defendant made a false, material representation that he knew was false or was ignorant of its truth, with the intention that the hearer of the representation act on it in a manner reasonably contemplated, that the hearer was ignorant of the representation's falsity, rightfully relied on the truth of the representation, and sustained consequent and proximate damage.

- 5 -

1 *Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (citing *Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982)). Each element of fraud must be supported by sufficient evidence. *Echols*, 647 P.2d at 631. "Fraud may never be established by doubtful, vague, speculative, or inconclusive evidence." *Id.* (quoting *In re McDonnell's Estate*, 179 P.2d 238, 241 (1947)).

Plaintiff has not produced any evidence to support his claim of fraud. In fact, Plaintiff has failed to make allegations in his complaint to serve as the basis for a claim of fraud. There is no evidence that Defendant made a material representation, that the representation was false, that Defendant knew the representation was false, that Defendant intended Plaintiff to rely on the false representation, that Plaintiff relied on the representation, and finally that Plaintiff sustained damage as a result of the false representation. In short, there is no evidence, not even insufficient evidence, of the elements fraud. Therefore, Plaintiff's claim cannot survive the Motion for Summary Judgment.

Finally, the Court notes that Plaintiff was warned at the August 23, 2010 hearing that any further defaults by Plaintiff would result in dismissal of this action. (Dkt. 18.) Plaintiff has failed to respond in any matter to Defendant's Motion for Summary Judgment, and under Local Rule 7.2(i), the failure to respond to a motion may be deemed consent to the granting of the motion. Additionally, Plaintiff's failure to file a controverting statement of facts results in the admission of the facts set forth in Defendant's statement of facts. LRCiv. 56.1(b). Nonetheless, the Court has analyzed the Motion for Summary Judgment on its merits under the legal standard set forth above, including construing all disputed facts in the light most favorable to Plaintiff. Summary judgment will not entered as a sanction for Plaintiff's failure to file a response. *See Brown v. City of Tucson*, 122 F.3d 1070, *1 (9th Cir. 1997). The Court finds that Plaintiff's claims for theft by false pretense and embezzlement fail as a matter of law, and Plaintiff has not produced any evidence to support claims for fraud or conversion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Dkt.

23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Disposition (Dkt. 25) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall dismiss this action with prejudice.

DATED this 20th day of May, 2011.

_____
James A. Teilborg
United States District Judge