**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bartlett Elliott,<br><br>    Plaintiff,<br><br>vs.<br><br>Bank of America, N.A.,<br><br>    Defendant. | No. CV 10-0251-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Strike Defendant's Motion for Summary Disposition (Dkt. 30), and Plaintiff's Motion for Reconsideration (Dkt. 32).

**I. BACKGROUND**

On January 25, 2010, pro se Plaintiff filed a complaint against Defendant concerning "United States Government 'STIMULUS' check(s) sent to Bartlett and Delora F. Elliott." (Dkt. 1.) Plaintiff attempted to charge Defendant with theft by false pretense, embezzlement, and fraud, and sought damages in the amount of $1,000,000. (*Id.*) Defendant denied Plaintiff's allegations. (Dkt. 7.)

On July 19, 2010, the Court continued the Rule 16 conference, and ordered Plaintiff to show cause as to (1) why Plaintiff should not be sanctioned for failing to appear at the conference, and (2) why Plaintiff failed to participate in the preparation of the case management plan. (Dkt. 14.) At the show-cause hearing on August 23, 2010, the Court

found that Plaintiff failed to show cause why sanctions should not be imposed, and ordered Defendant to submit an application for reasonable attorney's fees. (Dkt. 18.) The Court ordered that any further defaults by Plaintiff would result in the Court's dismissal of this action. (*Id.*)

On March 4, 2011, Defendant filed a Motion for Summary Judgment. (Dkt. 23.) When Plaintiff failed to respond to the motion in a timely manner, Defendant filed a Motion for Summary Disposition 60 days later. (Dkt. 25.) The Court granted Defendant's Motion for Summary Judgment, finding that there was no factual or legal basis to support Plaintiff's claims, and dismissed this action with prejudice. (Dkt. 26.) Because the Court analyzed the Motion for Summary Judgment on its merits, the Court denied Defendant's Motion for Summary Disposition as moot. (*Id.*) No hearing was set or conducted in connection with Defendant's motions.

## II. ANALYSIS

For the reasons that follow, the Court will deny Plaintiff's pending motions.

### A. Motion to Strike

In his one-page Motion to Strike Defendant's Motion for Summary Disposition, Plaintiff states that he was unable to attend the Court's hearing, and requests a hearing so that "due process can be fulfilled." (Dkt. 30.) As noted above, the Court did not conduct a hearing in connection with its ruling on the uncontested Motion for Summary Judgment; it is unclear what hearing Plaintiff refers to in his motion. Additionally, Plaintiff does not explain how his failure to attend a hearing justified his failure to file a response to either Defendant's Motion for Summary Judgment, or Defendant's Motion for Summary Disposition. Regardless, this action has been dismissed with prejudice, and the Court will not conduct a hearing in order to re-open this case.

With respect to the caption of Plaintiff's motion, Plaintiff does not cite any basis for striking Defendant's Motion for Summary Disposition, and Plaintiff fails to support his request with any analysis. Further, the Court denied the Motion for Summary Disposition as moot. Therefore, Plaintiff's request to strike the motion must also be moot. If, instead,

Plaintiff intended to request the Court strike Defendant's Motion for Summary Judgment from the record, Plaintiff's request is untimely. The motion has been granted, and the time to appeal the Court's order dismissing this action with prejudice elapsed before Plaintiff filed his motion.

Finally, to the extent that Plaintiff requests the Court reconsider (inexplicably) its denial of Defendant's Motion for Summary Disposition, or (presumably) its grant of summary judgment, Plaintiff's request is also untimely. The Local Rules require motions for reconsideration to be filed no later than 14 days after the filing of the challenged order. *See* Rules of Practice of the U.S. District Court for the District of Arizona ("LRCiv") 7.2(g)(2). Plaintiff's motion was filed more than 30 days after the Court granted summary judgment in favor of Defendant, and against Plaintiff. (Dkt. 26 & 27.) Therefore, Plaintiff's motion is untimely.

For the reasons set forth above, the Court will deny Plaintiff's Motion to Strike Defendant's Motion for Summary Disposition.

### B. Motion for Reconsideration

Plaintiff captioned his second one-page motion as a Response to Defendant's Motion for Summary Disposition and a Motion for Reconsideration. (Dkt. 32.) To the extent that Plaintiff is attempting to file a response to Defendant's Motion for Summary Disposition, that response is untimely and moot. The Court, as noted above, denied Defendant's Motion for Summary Disposition as moot on May 20, 2011.

With respect to Plaintiff's Motion for Reconsideration, Plaintiff does not identify the particular order that Plaintiff requests the Court reconsider, nor does Plaintiff provide any analysis as to why the Court should reconsider a prior order. The Local Rules require a party to show "manifest error," or "new facts or legal authority" that could not have been brought to the Court's attention earlier. LRCiv 7.2(g)(1). Plaintiff has not pointed out any matters that Plaintiff believes were overlooked or misapprehended by the Court, or any new matters. Instead, Plaintiff implicitly asks the Court to overlook Plaintiff's failure to respond to Defendant's motions. The Court previously warned Plaintiff that any further defaults by

Plaintiff would result in the Court's dismissal of this action. (Dkt. 18.) Plaintiff did not heed the Court's warning, and the Court finds no reason to re-open this action.

Regardless of the dearth of analysis, Plaintiff's Motion for Reconsider is untimely, because the motion was not filed within 14 days of any order. *See* LRCiv 7.2(g)(2). Plaintiff requests "the Court's mercy" and states that Defendant is attempting to deny Plaintiff's right to due process. However, Plaintiff failed to file a response, timely or otherwise, to Defendant's Motion for Summary Judgment. Further, Plaintiff did not file a response to Defendant's Motion for Summary Disposition, which was filed 60 days after the filing of the summary judgment motion. Therefore, the Court will deny Plaintiff's Motion for Reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (Dkt. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 32) is **DENIED**.

DATED this 25th day of July, 2011.

James A. Teilborg
United States District Judge